K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA  90067
Telephone:  310 552 5000
Facsimile:   310 552 5001

Seth Gold (SBN 163220)
seth.gold@klgates.com
Christina Goodrich (SBN 261722)
christina.goodrich@klgates.com

Attorneys for Plaintiffs Permobil AB and
Permobil, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERMOBIL AB, a Swedish corporation; PERMOBIL, INC., a Tennessee corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> ABILITY ADVANTAGE, an entity of unknown form; HAROLD BLACK, an individual and doing business as ABILITY ADVANTAGE, NAMES OF GOLD, and NAMES OF GOLD/DOMAINS OF GOLD; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.        2:15-CV-08491 <br><br> **COMPLAINT FOR:** <br> **(1) FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);** <br> **(2) FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)(1)(A))** <br> **(3) FALSE ADVERTISING (15 U.S.C. § 1125(a)(1)(B))** <br> **(4) CYBERSQUATTING (15 U.S.C. § 1125(d));** <br> **(5) STATUTORY UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17220, *et seq.*); AND** <br> **(6) COMMON LAW UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Permobil AB and Permobil, Inc. (collectively, "Permobil" or "Plaintiffs"), for their complaint against defendants Ability Advantage and Harold Black, individually and doing business as Ability Advantage, Names of Gold, and Names of Gold/Domains of Gold, as well as Does 1 through 10 (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiff Permobil AB owns a number of valuable PERMOBIL marks (defined in Paragraph 21 below) in connection with the sale of wheelchairs and related parts.  Plaintiff Permobil, Inc. is a licensee of those marks.  Since at least 1970, Plaintiffs and their predecessors in interest have continuously been recognized as providing the highest quality products in their class and their PERMOBIL marks have become famous.

2.      Decades after the PERMOBIL marks became famous, Defendants began advertising themselves as a "certified" PERMOBIL center and have used the PERMOBIL marks to promote the sale of what they contend are authentic Permobil products.  In fact, Defendants have sold under the PERMOBIL marks unauthorized, refurbished Permobil wheelchairs, which have not undergone the strict quality controls routinely employed by Plaintiffs.  Defendants' use of the PERMOBIL marks, including the suggestion that their work has been "certified" by Plaintiffs, is likely to confuse consumers.  Without doubt, Defendants are trading off the goodwill, distinctiveness, and fame of Plaintiffs' marks to their benefit alone and falsely advertising their business.

3.      Defendants have also registered and currently are using at least 17 domain names that contain Plaintiffs' distinctive PERMOBIL marks (or words confusingly similar thereto).  When Plaintiffs voiced their objection to such use and attempted to recover those domain names, Defendants refused to transfer them unless Plaintiffs paid an exorbitant price.  Indeed, Defendants' use of the domain names is part of a larger cybersquatting scheme to profit off of Plaintiffs', as well as others', distinctive

trademarks and associated goodwill, as Defendants dedicate an entire portion of their website to the sale and leasing of domain names that incorporate the trademarks of others.

4.     Before filing this action, Plaintiffs repeatedly requested that Defendants cease their unauthorized use of the PERMOBIL marks in connection with the marketing and sale of their products and transfer the cybersquatted domain names. Notwithstanding, while Defendants made some changes to their conduct, Defendants continue to blatantly and willfully use the PERMOBIL marks and traffic in the infringing domains. Such use is likely to cause consumer confusion regarding the origin of products bearing the PERMOBIL marks, and create a false association between the parties. By this civil action, Plaintiffs seek damages and injunctive relief for Defendants' trademark infringement, false advertising, cybersquatting, and unfair competition.

## **THE PARTIES**

5.     Plaintiff Permobil AB ("Permobil AB") is a Swedish corporation. Permobil AB owns certain of the "Permobil" trademarks as discussed below. Permobil AB is also the registered owner of the domains www.permobil.com and www.permobilus.com.

6.     Plaintiff Permobil, Inc. is a Tennessee corporation. Permobil, Inc. is the licensee in the United States of the PERMOBIL marks discussed below.

7.     On information and belief, defendant Ability Advantage is an entity of unknown form. Ability Advantage is located at 15235 Brand Blvd., Mission Hills, California 91345, where it has its "super showroom & service center." On information and belief, Ability Advantage has websites located at www.abilityadvantage.com and www.abilityshow.com. Through those websites (among other channels), Ability Advantage markets, advertises, and sells its products in the United States, including this judicial district. For example, Ability Advantage has marketed, advertised, and/or sold products using the "Permobil" trademarks on the website:

www.abilityshow.com/UsedPowerTiltAndReclineChairs.html,

www.stores.ebay.com/ability-ADVANTAGE, and www.facebook.com/pages/Ability-Advantage-Permobil-Center/197146770361608.

8.     On information and belief, defendant Harold Black is an individual who resides and/or works in Los Angeles County.  On information and belief, Harold Black's work address is 15235 Brand Blvd., Mission Hills, California 91345.  On information and belief, Harold Black has done business as Ability Advantage, Names of Gold, and Names of Gold/Domains of Gold.  On information and belief, Harold Black owns and operates Ability Advantage, Names of Gold, and Names of Gold/Domains of Gold.  On information and belief, Harold Black registered the domain name www.permobilchairs.com, which he uses individually and/or doing business as Ability Advantage, Names of Gold, and Names of Gold/Domains of Gold.  On information and belief, Harold Black registered the domain names www.abilityadvantage.com and www.abilityshow.com.  The tax registration certificate, police commission certification, seller's permit, Bureau of Automotive Repair dealer registration, and certificate of liability insurance (which are posted on www.abilityshow.com) all list Harold Black and/or Ability Advantage as the registrant and list the 15235 Brand Blvd., Mission Hills, California address.

9.     On information and belief, Harold Black also does business as "Names of Gold" and "Names of Gold/Domains of Gold."  This entity is located at the same address as Ability Advantage -- 15235 Brand Blvd., Mission Hills, California 91345.  The "Names of Gold" page also promotes "our E-Bay Mobility Store, open 24/7: http://stores/ebay.com/ABILITY-ADVANTAGE."

10.     Plaintiffs are currently unaware of the identities of defendants Does 1-10 and therefore sue such defendants by fictitious pseudonyms.  Plaintiffs are informed and believe, and on that basis allege, that discovery will reveal the true identities of those defendants and then will amend this Complaint to identify those defendants by name after such discovery.

4
**COMPLAINT**

11.     On information and belief, the actions alleged herein to have been undertaken by defendants were undertaken by each defendant individually, were actions that each defendant caused to occur, were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control, or direct, and/or were actions in which each defendant assisted, participated, or otherwise encouraged, and are actions for which each defendant is liable.  On information and belief, each defendant aided and abetted the actions of the defendants set forth below; in particular, each defendant had knowledge of those actions and provided assistance and benefitted from those actions, in whole or in part.  Each defendant was the agent of the other defendants, and in engaging in the conduct alleged herein, was acting within the course and scope of such agency and with the permission and consent of each and every one of the other defendants.

12.     On information and belief, each defendant is, and at all times mentioned herein was, an alter ego, agent, principal, partner, employee, servant, and/or co-conspirator of the other Defendants and was acting in the course and scope of his, her, or its agency, retention, and employment with the consent, permission, ratification, and for the benefit of the other Defendants, and that as a result, Defendants are jointly and severally liable for the acts alleged herein.

## JURISDICTION AND VENUE

13.     This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. and contains related California claims.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, as this is an action arising under the laws of the United States and relating to trademarks.  This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as those claims are part of the same case or controversy as the federal claims alleged herein.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).  On information and belief, all defendants reside in California and in this District.  Specifically, Ability Advantage, Names of Gold, and Names of

Gold/Domains of Gold list the 15235 Brand Blvd. address in Mission Hills, California as the location for their business and showroom. Harold Black is also identified in documents as located at and/or doing business at that address. Additionally, a substantial part of the events giving rise to Plaintiffs' claims occurred in this District, given that this is where Defendants are located, where their infringing conduct originates, and where infringing sales originate.

15. This Court has personal jurisdiction over Defendants, who reside and/or work and/or are otherwise located in this District. Defendants' contacts with this District are systematic and continuous. The address for Ability Advantage, Names of Gold, and Names of Gold/Domains of Gold is the 15235 Brand Blvd. address in Mission Hills, California, where Ability Advantage has a showroom through which it markets and sells products that bear the "Permobil" trademarks. Defendants have also listed the Mission Hills, California address in the registration for the domains for the websites that infringe the "Permobil" trademarks. On information and belief, Defendants operate the Ability Advantage websites from that same Mission Hills, California address. On information and belief, Defendants have advertised, marketed, and sold goods and services using the "Permobil" trademarks, without Plaintiffs' permission, from their Mission Hills, California address.

## FACTUAL ALLEGATIONS

### Plaintiffs and the PERMOBIL marks

16. Plaintiffs manufacture, market, advertise, and sell in the United States high quality and innovative wheelchairs, along with related accessories. Plaintiffs and/or their predecessors in interest have been using the PERMOBIL mark in connection with the marketing and sale of their products since at least 1970.

17. Permobil AB is the owner and successor of all rights, interest, and goodwill in the federal registration of the PERMOBIL trademark, Registration No. 0858,323 covering, the field of "wheel chairs, int. cl. 44 (int. Cl. 12)." A copy of the registration certificate for the PERMOBIL trademark with Registration Nos. 0858,323

is attached hereto as Exhibit A.  The PERMOBIL trademark with Registration No. 0858,323 is now incontestable pursuant to 15 U.S.C. § 1065.

18.    Permobil AB is also the successor of all rights, interest, and goodwill in the federal registration of the "Permobil" trademark, Registration No. 2,988,442, covering, *inter alia*, the field of "Electric batteries for wheelchairs; battery chargers; integrated circuit chips; computer hardware;. . . Wheel chairs and parts therefore, namely, brakes, tires, rims for wheelchair wheels, wheels, electric motors, electric engines, electrical hand brakes, foot and head rests for wheelchair seats, steering gears, suspension shocks, shock absorbing springs, hoods, seat covers, safety belts, and safety/security harnesses, covers for wheelchairs, . . . Computer programming for others; product research and development services for industrial design of medical hardware; consulting services in the field of computer hardware for medical and nursing services, rehabilitation clinics and rehabilitation assistance; updating of computer software for others; and computer software design for others."  A copy of the registration certificate for the PERMOBIL trademark, Registration Nos. 2,988,442 is attached hereto as Exhibit B.

19.    Permobil AB is also the successor of all rights, interest, and goodwill in the federal registration of the PERMOBIL trademark, Registration No. 4,344,758, covering, *inter alia*, the field of " . . . scientific instruments and apparatus for wheelchairs and scooters in the field of manufacturing of products for people with disabilities; electro-dynamic apparatus for the remote control of signals; . . . Medical apparatus and instruments in the nature of medical grips for hand control, namely, levers; orthopedic devices for therapeutic use, in the nature of manually-operated exercise equipment for strengthening the arm, chest and leg muscles in physical therapy; . . . Wheelchairs, electric wheelchairs and scooters, and parts therefor, namely, brakes, tires, rims for wheelchair wheels, wheels, spokes for wheelchair wheels, electric motors, electric engines, electrical hand brakes, foot and head rests for wheelchair seats, steering gears, suspension shocks, shock absorbing springs, hoods,

1   wheelchair seats, seat covers, safety belts, and safety/security harnesses, covers for

2   wheelchairs, steps for wheelchairs, steering systems for wheelchairs, control devices

3   for maneuvering wheelchairs, namely, hydraulic control columns and joysticks;

4   pushchairs."  A copy of the registration certificate for the PERMOBIL trademarks,

5   Registration No. 4,344,758 is attached hereto as Exhibit C.

6        20.    Permobil AB is also the successor of all rights, interest, and goodwill in

7   the federal registration of the PERMOBIL design plus words trademark, Registration

8   No. 4,531, 221, covering, *inter alia*, the field of ". . . life-saving and teaching

9   instruments for wheelchairs and scooters in the field of manufacturing of products for

10   people with disabilities, namely, electro-dynamic apparatus for the remote control of

11   signals; . . . Surgical, medical and dental apparatus and instruments, namely, medical

12   grip for hand control in the nature of levers; orthopedic articles, namely, manually-

13   operated exercise equipment for strengthening the arm, chest and leg muscles in

14   orthopedic physical therapy; . . . Vehicles, namely, electric wheelchairs, wheelchairs,

15   pushchairs, scooters; arm rests specially adapted for wheelchairs; worktables specially

16   adapted for wheelchairs; luggage baskets specially adapted for wheelchairs; baby

17   carriages; automobiles; . . ." (the "PERMOBIL Design Mark").  A copy of the

18   registration certification for the PERMOBIL design plus words trademark,

19   Registration No. 4,531, 221 is attached hereto as Exhibit D.

20        21.    The PERMOBIL trademarks described above in Paragraphs 17-20 are

21   together referred to as the "PERMOBIL marks."

22        22.    Permobil, Inc. is the licensee of the PERMOBIL marks in the United

23   States.

24        23.    The registrations for the PERMOBIL marks are valid and subsisting in

25   full force, unrevoked, and uncancelled.  Plaintiffs also possess common law trademark

26   rights in these marks in California and throughout the United States, which common

27   law rights have existed since 1970 by virtue of Plaintiffs' and/or their predecessor's

28   rights in these marks.

24.     The PERMOBIL marks are inherently distinctive and have acquired secondary meaning.  The PERMOBIL marks are displayed on products and the well-known website www.permobil.com and www.permobilus.com.  The first PERMOBIL mark was registered in 1968 and the second was registered on August 30, 2005, by such time these marks had acquired secondary meaning and were distinctive.

25.     The PERMOBIL marks possess substantial national brand recognition and awareness among the general public as a result of Plaintiffs' extensive marketing and advertising efforts in the U.S.  These marks have been featured extensively in numerous articles in both trade and general publications, including throughout the United States and on the various Permobil websites.  The marks are also featured prominently in literature and advertising materials of Permobil.  As a result of these among other facts, a substantial segment of the consuming public makes a mental association between the PERMOBIL marks, in their field of use and the source of those products.

**Defendants**

26.     Defendants operate websites, online stores, and at least one showroom, through which they display, market, and sell wheelchairs, along with related parts and services, using the PERMOBIL marks.  Defendants have displayed the PERMOBIL marks prominently and repeatedly on their websites www.abilityadvantage.com and/or www.abilityshow.com in connection with the marketing, advertising, and sale of wheelchairs and related parts and service.

27.     Since at least September 2014, Defendants' websites have advertised and made available for purchase products that Defendants stated were new and used genuine Permobil wheelchairs, as well as new and used genuine Permobil parts.

28.     In connection with the sale of such goods, Defendants have stated that the warranty on certain products has not yet expired, suggesting that Permobil's warranty will be transferred with the sale of Defendants' Permobil-branded wheelchairs.  Such warranties, however, clearly state that they apply only to the initial purchaser of such

1   products from an authorized Permobil dealer.  Defendants have not received

2   permission to transfer a Permobil warranty on Permobil wheelchairs.

3       29.     In or around September 2014, Defendants' www.permobilchairs.com

4   website stated that Defendants were a "certified" Permobil service center.  At around

5   that same time, Defendants' Facebook page www.facebook.com/pages/Ability-

6   Advantage-Permobil-Center/197146770361608, labeling itself as "Ability

7   Advantage/Permobil Center.  Defendants, however, are not a "certified" Permobil

8   service center.  In fact, no such "certified" Permobil service center exists.

9       30.     Defendants have received negative feedback online from a customer who

10  stated that Ability Advantage preys on disabled individuals and overcharges for

11  service, even mentioning high-pressure sales techniques by the owner.

12      31.     Defendants have also registered, trafficked in, and/or used domain names

13  that include the PERMOBIL marks and words that are confusingly similar to those

14  marks.  Such conduct is exacerbated by the fact that Defendants advertise such

15  domains for sale on the same website that they displayed the PERMOBIL marks, state

16  that they are a "certified" Permobil service center, and offer to sell new and used

17  Permobil wheelchairs and related accessories.

18      32.     For example, as of April 2015, Defendants list the following domains for

19  sale on the website http://abilityadvantage.com/MOLD.html: www.permobeal.com,

20  www.permobilchair.com, www.permobilchairs.com, www.permoble.com,

21  www.permobilcenter.com, www.permobilcentre.com, www.permobilmart.com,

22  www.permobilM300.com, www.permobilM300HD.com, www.permobilmobility.com,

23  www.permobilpart.com, www.permobilparts.com, www.permobilrepair.com,

24  www.permobileparts.com, www.permobilstander.com, www.permobilstanders.com,

25  www.permobilstore.com.

26      33.     Defendant Harold Black, often in association with Ability Advantage,

27  registered, trafficked in, and/or used the domains set forth in Paragraph 32 above with

28

1   the bad faith intent to profit from the PERMOBIL marks, which were distinctive at the

2   time they were registered by Defendant Black and Ability Advantage.

3        34.    In late 2014, Plaintiffs learned of Defendants' infringement of the

4   PERMOBIL marks, including in connection with the registration, ownership, and

5   trafficking in website domains that contain the PERMOBIL marks or words that are

6   confusingly similar to those marks.

7        35.    Notwithstanding an attempt to resolve this dispute before filing this

8   action, Defendants have continued to display the PERMOBIL marks in connection

9   with the marketing and sale of wheelchairs, along with related accessories and

10  services.  Defendants have also continued to register, traffic in, and/or use domain

11  names that they know contain the valuable PERMOBIL marks or words that are

12  confusingly similar to those marks.  In fact, Defendants have further evidenced their

13  bad faith by offering to sell the infringing domain names back to Plaintiffs, thereby

14  demonstrating a bad faith intent to profit from the goodwill associated with the

15  PERMOBIL marks.

16                    **FIRST CLAIM FOR RELIEF**

17       **(Federal Trademark Infringement under 15 U.S.C. § 1114**

18               **By Plaintiff Permobil AB)**

19       36.    Plaintiffs repeat and reallege paragraphs 1 through 35 of this complaint as

20  if fully set forth herein.

21       37.    Plaintiff Permobil AB owns and is the successor of all rights, interest, and

22  goodwill in the registered PERMOBIL marks in the United States.  Defendants'

23  conduct alleged herein, past and present, including their promotion and sale of wheel

24  chairs, mobile chairs, and related products under the registered PERMOBIL marks,

25  constitutes use of a colorable imitation of the federally registered PERMOBIL marks

26  in connection with the advertising or sale of goods and/or services in commerce.  This

27  conduct has created a likelihood of confusion, mistake, and/or deception as to the

28  affiliation, connection, or association of Defendants with Plaintiff Permobil AB, or as

to the origin, sponsorship, or approval of Defendants' products by Plaintiff Permobil AB.  Defendants' conduct is likely to induce consumers to believe, contrary to fact, that their products are sponsored, endorsed, approved by, or connected with those of Plaintiff Permobil AB.

38.     Defendants' conduct has been without the permission or authority of Plaintiff Permobil AB.  In fact, Plaintiffs specifically objected to Defendants' use of the PERMOBIL marks because such use is and was likely to cause confusion as noted above.  Nevertheless, after such objection, while Defendants made some changes, Defendants have marketed and sold goods and/or services still using these marks, despite prior warnings to Defendants that such conduct would create confusion and infringe the PERMOBIL marks.  Consequently, Defendants committed infringement with full knowledge of Plaintiff Permobil AB's rights in the registered PERMOBIL marks.  Thus, Defendants have willfully, deliberately, and maliciously engaged in the described acts with the intent to injure Plaintiff Permobil AB and to deceive the public.

39.     Defendants' conduct has been and is being committed with the intent and purpose of appropriating and trading upon the goodwill and reputation associated with the registered PERMOBIL marks.  Such acts have damaged and impaired that part of Plaintiff Permobil AB's goodwill symbolized by its famous marks, to its immediate and irreparable harm.

40.     Defendants' unauthorized use of the registered PERMOBIL marks, which is confusingly similar to the Plaintiff Permobil AB's marks, in connection with and to the identity of its products, constitutes trademark infringement in violation of 15 U.S.C. § 1114.  Upon information and belief, Defendants have profited from this infringement and have declined to stop such infringement.

41.     This is an exceptional case under 15 U.S.C. § 1117(a), particularly because Defendants knowingly, willfully, and in bad faith continued to infringe the PERMOBIL marks despite specific warnings and demands that it immediately cease

1  doing so and, thus, have demonstrated a specific intent to infringe the PERMOBIL

2  marks.

3      42.    Defendants' conduct has caused damage to Plaintiff Permobil AB in an

4  amount to be determined at trial, and unless restrained, will continue to seriously and

5  irreparably impair further the value of the PERMOBIL marks, for which there is no

6  adequate remedy at law.

7      43.    In light of the foregoing, Plaintiff Permobil AB is entitled to injunctive

8  relief prohibiting Defendants from using the PERMOBIL marks, or any mark

9  confusingly similar to the PERMOBIL marks in connection with wheelchairs, mobile

10  chairs, and related products and to recover from Defendants all damages, including

11  attorneys' fees, that Plaintiff Permobil AB has sustained and will sustain as a result

12  thereof, in an amount not yet known, but which circumstances warrant trebling

13  pursuant to 15 U.S.C. § 1117, as well as the costs of this action.

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin under 15 U.S.C. § 1125(a)(1)(A)

### By all Plaintiffs)

17      44.    Plaintiffs repeat and reallege paragraphs 1 through 43 of this complaint as

18  if fully set forth herein.

19      45.    Plaintiffs are the owner and successor or the licensee of all rights, interest,

20  and goodwill in the PERMOBIL marks in the United States.  Defendants' conduct

21  alleged herein, including their promotion and sale of wheel chairs, mobile chairs, and

22  related products under the PERMOBIL marks, is likely to cause confusion, or to cause

23  mistake, or to deceive as to the affiliation, connection, or association of Defendant

24  with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant's goods,

25  services, or commercial activities by Plaintiffs.

26      46.    On information and belief, Defendants engaged in such acts with the

27  intent to deceive, mislead, and/or confuse relevant consumers with respect to whether

28  there is or was an affiliation, connection, or association of Defendant with Plaintiffs, or

as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiffs.

47.   On information and belief, Defendants' conduct alleged herein actually deceived and/or has the tendency to deceive a substantive number of actual and potential customers.

48.   As a result of Defendants' acts alleged herein, including the use of the Permobil marks, Plaintiffs have suffered and will continue to suffer damage, including damages to their reputation and good will.

49.   In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the PERMOBIL marks, or any mark confusingly similar to the PERMOBIL marks in connection with wheelchairs, mobile chairs, and related products and to recover from Defendants all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant trebling pursuant to 15 U.S.C. § 1117, as well as the costs of this action.

## THIRD CLAIM FOR RELIEF

### (False Advertising under 15 U.S.C. § 1125(a)(1)(B)

### By all Plaintiffs)

50.   Plaintiffs repeat and reallege paragraphs 1 through 49 of this complaint as if fully set forth herein.

51.   In connection with the commercial advertising and/or promotion of their goods and services, Defendants have made false and/or misleading statements, which constitute descriptions of fact and/or representations of fact in interstate commerce regarding their goods and services.  Such false and/or misleading statements include but are not limited to false and misleading statements on (1) Defendants' www.permobilchairs.com website (which was displayed on or about September 2014) that Defendants are a "certified" Permobil service center, and (2) Defendants' Facebook page www.facebook.com/pages/Ability-Advantage-Permobil-

**COMPLAINT**

Center/197146770361608 (which was displayed on or about September 2014), labeling itself as "Ability Advantage/Permobil Center."  Such false and/or misleading statements also include Defendants' statements on the www.abilityshow.com website (which was displayed on or about April 20, 2015) that they are selling Permobil wheelchairs that have active, unexpired Permobil warranties.  Such statements are false because Plaintiffs do not have "certified" service centers and Permobil warranties do not extend to beyond any initial purchaser from an authorized Permobil dealer (as reflected in Permobil's warranties, available at www.permobilus.com).

52.  On information and belief, Defendants engaged in such acts with the intent to deceive, mislead, and/or confuse relevant consumers into believing that Plaintiffs have approved of and/or endorsed their "service center" notwithstanding the fact that no such "certified" service centers exist and Plaintiffs have not approved of or endorsed Defendants' service center.  Defendants have also engaged in such acts with the intent to deceive, mislead, and/or confuse relevant consumers into believing that they are able to sell Permobil products with a Permobil warranty notwithstanding the fact that they have not received permission to do so.

53.  On information and belief, Defendants' false and/or misleading statements have been and are material to consumers in selecting their goods and services.  On information and belief, consumers of Permobil wheelchairs, along with related accessories and service, are far more likely to purchase repair and related services if they believe that the service center is endorsed or approved of by Plaintiffs.  Moreover, consumers are far more likely to purchase a product from Defendants if they believe that the Permobil warranty is still effective, as it would eliminate costs for covered repairs.

54.  On information and belief, Defendants know, reasonably should know, or failed to investigate as to not know, that these statements are false and/or misleading.  On information and belief, Defendants must know that they are not a "certified" Permobil service center because, *inter alia*, Defendants would certainly know if they

had received a certification by Permobil to act as a "certified" Permobil service center, which they have not received and does not exist.

55.     Defendants have disseminated false and/or misleading statements to potential and actual customers for the purpose of promoting the purchase and use of their products and services as endorsed, approved, and otherwise sanctioned by Plaintiffs as a "certified" Permobil service center, when they are not.  Defendants have also made false and/or misleading statements to potential and actual customers for the purpose of promoting the purchase and use of their products and services suggesting that the warranty on Permobil products may be transferred to customers, when it Defendants have not been given permission to do so.

56.     On information and belief, the false and/or misleading statements by Defendants have actually deceived and/or have the tendency to deceive a substantive number of actual and potential customers.

57.     As a result of Defendants' acts of false and misleading statements of fact, Plaintiffs have suffered and will continue to suffer damage, including damages to their reputation and good will.

58.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from making false and/or misleading statements regarding it being a "certified" Permobil service center, that Permobil warranties may be transferred to its customers, and otherwise suggesting that Plaintiffs' have approved of or endorsed Defendants' goods and services and to recover from Defendants all damages that Plaintiffs have sustained and will sustain as a result thereof, in an amount not yet known, but was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exception case warranting additional damages and attorneys' fees under 15 U.S.C. § 1117, as well as the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Cybersquatting under 15 U.S.C. § 1125(d)

### By Plaintiff Permobil AB)

59.     Plaintiffs repeat and reallege paragraphs 1 through 58 of this complaint as if fully set forth herein.

60.     Plaintiff Permobil AB owns and is the successor of rights in the PERMOBIL marks, which are inherently distinctive or have acquired distinctiveness.

61.     Defendants have registered, trafficked in, and/or used one or more domain names that are identical or confusingly similar to the PERMOBIL marks.  For example, Defendants have registered, trafficked in, and/or used the following domain names: www.permobeal.com, www.permobilchair.com, www.permobilchairs.com, www.permoble.com, www.permobilcenter.com, www.permobilcentre.com, www.permobilmart.com, www.permobilM300.com, www.permobilM300HD.com, www.permobilmobility.com, www.permobilpart.com, www.permobilparts.com, www.permobilrepair.com, www.permobileparts.com, www.permobilstander.com, www.permobilstanders.com, www.permobilstore.com.

62.     The PERMOBIL marks were distinctive at the time of Defendants' registration of the domain names identified in Paragraph 61 above.

63.     Defendants have committed these acts with a bad faith intent to profit from the PERMOBIL marks.  Defendants' conduct is likely to cause consumer confusion as to an association between the PERMOBIL marks and Defendants' goods, services, and domains (particularly given the use of the PERMOBIL marks in Defendants' webpages), in violation of 15 U.S.C. § 1125(d).

64.     Defendants have engaged in this conduct willfully, maliciously, and with a bad faith intent to profit from their wrongdoing.  Defendants' bad faith is evidenced by their offer to sell the infringing domain names back to Plaintiffs, which reflects a bad faith intent to profit from the goodwill associated with the PERMOBIL marks.

65.     In light of the foregoing, Plaintiff Permobil AB is entitled to injunctive relief prohibiting Defendants from registering, trafficking, and using the domain names identified in Paragraph 61 above and any other confusingly similar domains and ordering the forfeiture or cancellation of the domain names or the transfer of the domain names from Defendants to Plaintiff Permobil AB and to recover from Defendants all damages that Plaintiff Permobil AB has sustained and will sustain as a result thereof, as well as attorneys' fees, in an amount not yet known, but which circumstances warrant trebling and disgorgement of profits pursuant to 15 U.S.C. § 1117, as well as the costs of this action.  Plaintiff Permobil AB also seeks in the alternative to collecting its actual damages and profits on this claim, but not to the exclusion of any other recovery whatsoever, an award of statutory damages of $100,000 per domain name pursuant to 15 U.S.C. § 1117(d).

## FIFTH CLAIM FOR RELIEF

### (Statutory Unfair Competition under Cal. Bus. & Prof. Code § 17200
### By all Plaintiffs)

66.     Plaintiffs repeat and reallege paragraphs 1 through 65 of this complaint as if fully set forth herein.

67.     Defendants' conduct alleged herein constitutes trademark infringement, false designation of origin, false advertising, and cybersquatting under 15 U.S.C. § 1051 *et seq.*  Defendants' conduct thus constitutes willful and deliberate unfair competition in wanton disregard of Plaintiffs' valuable intellectual property rights.  On information and belief, Defendants, and each of them, have profited from this conduct and have declined to exercise their rights to stop such infringement.

68.     Defendants' conduct has directly and proximately caused and will continue to cause Plaintiffs substantial and irreparable injury, including customer confusion, injury to their reputation, and diminution in value of their intellectual property and unless restrained, will continue to seriously and irreparably impair further the value of the PERMOBIL marks, for which there is no adequate remedy at law.

69.     In light of the foregoing, Plaintiffs are entitled to an injunction under Cal. Bus. & Prof. Code § 17200 et seq. restraining Defendants from engaging in further such unlawful conduct, as well as to restitution of those amounts unlawfully obtained by Defendants through their wrongful conduct.

## SIXTH CLAIM FOR RELIEF

### (Common Law Unfair Competition
### By all Plaintiffs)

70.     Plaintiffs repeat and reallege paragraphs 1 through 69 of this complaint as if fully set forth herein.

71.     On information and belief, Defendants exercised joint control over the Ability Advantage websites, Names of Gold/Domains of Gold websites, and related businesses, which used and continue to use the PERMOBIL marks to market, advertise, and sell goods and services, which are likely to cause (and may have already caused) confusion with Plaintiffs' goods and services. Defendants have acted in concert and participated in the decision to use the PERMOBIL marks to identify their goods and services and engage in false advertising, and have induced, cooperated, lent aid, and encouraged use of those marks.  Defendants' conduct alleged herein constitutes use of colorable imitations of the PERMOBIL marks, which includes federally registered marks, in connection with the advertising or sale of unauthorized goods in commerce.  Defendants' conduct alleged herein also constitutes false designation of origin, false advertising, and cybersquatting, as alleged herein.  These activities individually and collectively create a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' services by Plaintiffs. Defendants' conduct is likely to induce consumers to believe, contrary to fact, that Defendants' goods and services are sponsored, endorsed, approved by, or connected with Plaintiffs.

72.     Defendants' conduct is willful, deliberate, and intended to confuse the public and injure Plaintiffs.  Defendants' conduct is also oppressive and malicious in that it is intended to injure Plaintiffs and is carried on by Defendants with a willful and conscious disregard of the rights of others.

73.     Defendants' conduct constitutes unfair competition under California common law.

74.     Defendants' conduct has caused damage to Plaintiffs in an amount to be determined at trial, and unless restrained, will continue to seriously and irreparably impair further the value of the PERMOBIL marks, for which there is no adequate remedy at law.  On information and belief, Defendants, and each of them, have profited from this activity and have declined to exercise their rights to stop it.

75.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the PERMOBIL marks or any mark confusingly similar to those marks for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result thereof, as well as the costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendants as follows:

1.     For a preliminary and permanent injunction:

a.     Pursuant to 15 U.S.C. § 1116, enjoining and restraining Defendants and their agents, affiliates, employees, and all persons in active concert or participation with them, from directly or indirectly using the PERMOBIL marks, or any colorable imitation thereof or any mark confusingly similar in connection with wheel chairs, mobile chairs, and related products;

b.     Pursuant to 15 U.S.C. § 1118, ordering that all products, labels, signs, prints, business cards, stationery, packages, wrappers, receptacles, websites, promotional materials, brochures, manuals, educational materials, and advertisements

1  bearing the PERMOBIL marks, or any colorable imitation thereof, or any other

2  designation that infringes PERMOBIL marks, be delivered up and destroyed;

3        c.    Pursuant to 15 U.S.C. § 1116, enjoining and restraining Defendants

4  and their agents, affiliates, employees, and all persons in active concert or participation

5  with them, from directly or indirectly: (i) using any domain name, mark, metatag,

6  vanity phone number, or banner advertisement confusingly similar to the PERMOBIL

7  marks; and (ii) registering or using as a domain name any obvious variation or

8  misspelling of the PERMOBIL marks, or other marks or domain names owned or used

9  by or on behalf of Plaintiffs; and,

10        d.    Pursuant to 15 U.S.C. § 1125(d)(1)(C), ordering that Defendants

11  and their agents, affiliates, employees, and all persons in active concert or participation

12  with them, transfer to Plaintiffs or in the alternative forfeit or cancel the following

13  domain names: www.permobeal.com, www.permobilchair.com,

14  www.permobilchairs.com, www.permoble.com, www.permobilcenter.com,

15  www.permobilcentre.com, www.permobilmart.com, www.permobilM300.com,

16  www.permobilM300HD.com, www.permobilmobility.com, www.permobilpart.com,

17  www.permobilparts.com, www.permobilrepair.com, www.permobileparts.com,

18  www.permobilstander.com, www.permobilstanders.com, www.permobilstore.com;

19      2.    Ordering Defendants to file with this Court and serve upon Plaintiffs

20  within 15 days after issuance of any injunction, a report in writing under oath setting

21  forth in detail the manner and form in which Defendants have complied with the

22  injunction;

23      3.    Ordering Defendants to account to Plaintiffs for any and all profits

24  derived by Defendants from the use of the PERMOBIL marks in connection with

25  wheelchairs, along with related accessories and services, and for all damages sustained

26  by Plaintiffs by reason of Defendants' acts of infringement, false designation of origin,

27  cybersquatting, and unfair competition complained of in this complaint, and that such

28  amounts be held in constructive trust for Plaintiffs;

4.    That the Court award Plaintiffs:

    a.    All profits derived by Defendants' wrongful acts complained of herein;

    b.    All damages sustained by reason of the wrongful acts complained of herein;

    c.    Treble the amount of actual damages suffered by Plaintiffs under 15 U.S.C. § 1117;

    d.    Statutory damages pursuant to 15 U.S.C. § 1117(d)

    e.    Punitive and exemplary damages against Defendants and in favor of Plaintiffs in an amount sufficient to deter and punish Defendants for their willful and wrongful acts;

    f.    Their costs incurred in this action;

    g.    Their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

    h.    Pre-judgment and post-judgment interest; and

5.    Such other and further relief as this Court deems just and proper.


K&L GATES LLP


Dated:  October 29, 2015    By:  /s/ _____

    Seth A. Gold
    Christina N. Goodrich

    Attorneys for Plaintiffs Permobil AB
    and Permobil, Inc.

## JURY DEMAND

Plaintiffs Permobil AB and Permobil, Inc. hereby demand a jury trial for all issues triable by a jury.

K&L GATES LLP

Dated: October 29, 2015                    By: /s/
                                               Seth A. Gold
                                               Christina N. Goodrich

                                               Attorneys for Plaintiffs Permobil AB
                                               and Permobil, Inc.

**COMPLAINT**